## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:14-cv-60259-UU |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 98.254.161.72, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [CM/ECF 8]**

## I.   INTRODUCTION

On May 21, 2014 your Honor vacated the Order by the Honorable Judge Rosenbaum correctly granting Plaintiff leave to subpoena Comcast to obtain Defendant's identity and issued a show cause requiring Plaintiff to explain why venue in this action is proper based on geolocation services and Plaintiff's investigator's technology.   Plaintiff's investigator, IPP International UG, utilizes technology which ensures that a defendant's IP address is correctly recorded at the exact time of infringement and is always accurate.   The Defendant in this case repeatedly infringed fifteen of Plaintiff's copyrighted works over the course of several months. Statistics demonstrate that the Internet Protocol Address ("IP Address") geolocation tracing process used by Plaintiff here to locate Defendant's IP address to this District, accurately predicted in counsel's prior cases that a Doe defendant's IP Address would trace to the Southern District of Florida 100% of the time.   The score is 110 out of 110.   Venue is proper because Defendant resides or may be found in this District.

Eleventh Circuit law requires that a Court construe all reasonable inferences in favor of Plaintiff and accept Plaintiff's well pled allegations in the Complaint as true.   Here, Plaintiff has pled that Defendant, the subscriber of the IP address 98.254.161.72, is the infringer of Plaintiff's copyrights.   Defendant's IP address traced to a location in this district demonstrating a *prima facie* showing that Defendant may be found in this district and that the infringement occurred in this district.   Indeed, whether or not Defendant may raise a defense or deny the infringement does not foreclose that venue is proper when Defendant resides in this District.

Without being able to establish venue based on geolocation technology, Plaintiff cannot enforce its right to sue online infringers.   There is simply no other way.   For these reasons, as more fully explained below, Plaintiff respectfully requests that this Honorable Court find that Plaintiff has satisfied its burden of pleading that that the Southern District of Florida is the proper venue.

## II.  FACTS

### A.   Plaintiff's Use of Geolocation Technology Has Resulted In 100% Accuracy in this District

IPP International UG ("IPP") provided Plaintiff with the Doe Defendants' IP addresses, hit dates of infringement and the correlating hash values for each infringement.   *See* Declaration of Tobias Fieser, Exhibit A.   Thereafter, each IP Address present within the abovementioned forensic data is automatically referenced against Maxmind® Premium's IP geolocation database. Plaintiff then, when forming its suit, verifies that each Doe Defendant was using an IP Address assigned to a location inside the Southern District of Florida.   Plaintiff only forms its suits against defendants that

1

have reputable Internet Service Providers ("ISPs"), such as here, Comcast, which from Plaintiff's experience have consistently traced to the city location provided by Maxmind.

Statistics from undersigned's prior cases in this district using Maxmind geolocation technology demonstrate that this process accurately predicted that a Doe defendant's IP Address would trace to the Southern District of Florida 100% of the time. The score is 110 out of 110. *See* Declaration of Emilie Kennedy, Exhibit B.

### B. IPP's Technology Records the Exact Date and Time of the Infringement

Michael Patzer is the creator of the software which IPP uses to detect infringement. *See* Declaration of Michael Patzer at ¶ 3, Exhibit C. Mr. Patzer also testified at the Bellwether trial in Philadelphia.[1] *See Malibu Media, LLC v. John Does 1, 6, 13, 14,* 12-cv-02078, (E.D. Pa. June 10, 2013) at CM/ECF 195-196]. The attached declarations by Mr. Patzer and Mr. Fieser explain the IP detection process and the safeguards that are taken to ensure accuracy. *See* Exhibit C and Exhibit A.

### C. Plaintiff Has Hired an Expert to Individually Test IPP's Technology

Plaintiff knows IPP's technology works with 100% certainty because it hired a third party computer investigations expert, Patrick Paige, to independently test IPP's IP Address detection method. *See* Declaration of Patrick Paige ("Paige Decl."), Exhibit D. Patrick Paige was a detective in the Palm Beach County Sherriff's computer crimes unit. *Id*. at ¶ 2. His results concluded that it works. *Id*. at ¶ 38.

### D. Defendant's Continuous Infringement Ensures That Identifying Him is Likely

Plaintiff only sues habitual and persistent infringers of its movies. Here, IPP recorded the IP address assigned to Defendant illegally infringing fifteen (15) different movies owned by Plaintiff from August 1, 2013 to January 9, 2014. *See* Complaint Exhibit A. The infringement occurred for several months from this IP address demonstrating that the infringer had consistent and continuous access to the IP address.

### III.  GEOLOCATION RELIANCE QUESTION

The first question in the Court's Order to Show Cause is "why this Court may reasonably rely upon the Plaintiff's usage of geolocation or other technologies to establish the identity of the Defendant and that the Defendant may be found within this district ('Geolocation reliance question')." CM/ECF 8 at *4. As set forth below, the Court may rely on geolocation technology to demonstrate a plausible basis that Defendant, the subscriber of the IP address infringing Plaintiff's

---

[1] On June 10, 2013, Malibu Media became the first Plaintiff to ever try a BitTorrent copyright infringement case. *Id.* at ¶ 33. The "Bellwether" case ended with final judgments in Plaintiff's favor against all three defendants. *Id.* at ¶ 34.

content, resides or may be found in this District.  The Court may further rely on the technology of Plaintiff's investigators to determine that Defendant's IP address was correctly identified infringing Plaintiff's movies and that Comcast will correctly identify Defendant as the owner of that IP address.

      A.   The Court May Rely on Geolocation Technology to Locate Defendant Within this District

Geolocation technology is being used here for the sole purpose to establish that Defendant may be found or resides in this District and that the infringement occurred in this District.  "[W]hile these geolocation services are not 100% accurate, these services can place a user no farther away than a city that borders the user's actual location" *AF Holdings, LLC v. Does 1-1058*, 12-7135, 2014 WL 2178839 (D.C. Cir. May 27, 2014) (finding that a plaintiff can establish personal jurisdiction and venue through the use of geolocation services).  As set forth above, Plaintiff knows that the geolocation technology will accurately trace to this District because it has always in the past.  Indeed, your Honor has determined that "Plaintiff has shown that the geolocation software can provide a location for an infringing IP address".  *See Malibu Media v. John Doe*, 14-cv-20213-UU (S.D.Fla. March 20, 2014) Exhibit E.

      1.   The Eleventh Circuit Permits a Plaintiff To Sue John Doe Defendants

The Eleventh Circuit has held that a plaintiff is allowed to proceed against an unknown party where the description of the defendant describes the defendant sufficiently so that further discovery would uncover the defendant's identity.  *See Dean v. Barber,* 951 F.2d 1210, 1215-16 (11th Cir. 1992*)* (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  In *Dean* the Court found that because the plaintiff specified that the John Doe defendant was the person in charge of the Jefferson County Jail, and therefore real, the plaintiff could proceed against him.  *Id*. at FN 6.  Here, Plaintiff has likewise ascertained that the Defendant is real, and indeed, the subscriber of the IP address used to infringe Plaintiff's movies.  With discovery from Comcast, Plaintiff will learn Defendant's name and address to effectuate service.  Under *Dean*, Plaintiff has properly pled a cause of action against a John Doe defendant.

Analyzing whether a plaintiff may properly bring a bittorrent lawsuit against an unknown defendant under Eleventh Circuit precedent, the Southern District of Alabama found that a suit such as this one is proper because "plaintiff knows of no party defendant which could be named and thus cannot otherwise bring suit." *Quad Int'l, Inc. v. Doe*, CIV.A. 12-673-N, 2013 WL 105253 (S.D. Ala. Jan. 7, 2013).  The Court found a plaintiff may proceed against a fictitious defendant under Eleventh Circuit precedent when "a) the fictitious part is a real person whose identity is unknown, b) plaintiff contemporaneously seeks to ascertain the identity of the fictitious party through limited discovery,

3

and c) the court finds that such proposed discovery is narrowly tailored and is likely to lead to identification of the fictitious party." *Id.* Here, Judge Rosenbaum found that Plaintiff established each of those factors. *See* CM/ECF 6. She did not err. Indeed, Plaintiff cannot protect its copyrights without proceeding against an unknown John Doe defendant. And, Plaintiff has contemporaneously moved for discovery and that discovery is tailored to only provide Plaintiff with the identity and contact information of the Defendant in order to proceed with its lawsuit.

> 2.   The Court Must Accept Plaintiff's Allegation That Defendant is the Infringer As True

This Court must accept Plaintiff's allegations that Defendant, as the subscriber of the IP address 98.254.161.72, is the infringer. "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. ... Where the evidence conflicts, however, the district court must construe all reasonable inferences in favor of the plaintiff." *Van Vechten v. Elenson*, 920 F. Supp. 2d 1284, 1288-89 (S.D. Fla. 2013). "A claim is facially plausible when the court can draw 'the reasonable inference that the defendant is liable for the misconduct alleged' from the pled facts." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012). "Factual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Piscatelli v. Nationstar Mortgage, LLC*, 13-80692-CIV, 2013 WL 7137480 (S.D. Fla. Dec. 3, 2013). Here, Defendant has not submitted an affidavit to disprove that venue is not proper. Therefore, the Court must take Plaintiff's allegations as true because they are plausible.

Plaintiff's claim that Defendant, the subscriber of the IP address used to infringe Plaintiff's movies, is the infringer is plausible. This is because Defendant is the most likely person to have committed the infringement. Indeed, by paying for the Internet, Defendant is the most likely person to use it, particularly at such a consistent and reoccurring basis at the dates and times alleged in the Complaint. "Plaintiff's allegation that its investigator connected to a computer associated with Defendant's internet account and was able to download bits of Plaintiff's copyrighted movies from it supports a plausible claim that Defendant infringed on Plaintiff's copyrighted works by copying and distributing portions of its movies." *Malibu Media LLC v. Gilvin*, 3:13-CV-72 JV, 2014 WL 1260110 (N.D. Ind. Mar. 26, 2014) (emphasis added).

Every court in the country to rule on this issue, including within this District, has found that Plaintiff has adequately stated a plausible claim for relief when alleging that the subscriber is the infringer. *See e.g. Malibu Media, LLC v. Pelizzo*, 12-22768-CIV, 2012 WL 6680387 (S.D. Fla. Dec. 21, 2012) ("taking the allegations in the light most favorable to Plaintiff, the Complaint adequately

4

states a claim of copyright infringement."). And, Plaintiff's Complaint has also survived a motion for summary judgment in this District. *See Malibu Media, LLC v. Fitzpatrick*, 1:12-CV-22767, 2013 WL 5674711 (S.D. Fla. Oct. 17, 2013). A complete list of each court that has found Malibu Media has stated a plausible claim for infringement is attached as Exhibit F. "Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.''" *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1261 (11th Cir.2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974). Here, Plaintiff's well pled plausible allegation that Defendant is the infringer must be taken as true. And, when taken as true, geolocation technology accurately traces Defendant to a location in this District.

      3.  The Court's Previous Holding Failed to Take Plaintiff's Well Pled Facts as True

In its previous ruling on this issue, the Court held that "Plaintiff has not shown how this geolocation software can establish the identity of the Defendant. There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district." *See Malibu Media v. John Doe*, 1:14-cv-20213-UU (S.D. Fla. March 20, 2014) ("Malibu Media Ruling"). "Even if this IP address is located within a residence, the geolocation software cannot identify who has access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright. The Court finds that Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant." *Id*.

Respectfully, Plaintiff suggests that the Court erred because geolocation technology is not being used to identify the Defendant. Comcast's business records will identify the Defendant. Further, the statement "[t]here is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district" is simply not true. Plaintiff pled that the person actually downloading and viewing Plaintiff's movies is the subscriber and owner of the IP address. As set forth above, this allegation is not only plausible it is true the vast majority of these cases. Indeed, Plaintiff proved it to be true in the Bellwether trial and has had numerous subscribers admit to committing the infringement, some of whom have even filed public allocutions. There is simply no rational basis for any neutral person to find that it is implausible for the subscriber to be the infringer. Respectfully, any such finding would be clear reversible error.

Judge Rosenbaum's Order, which the Court vacated before entering this show cause, correctly found that Plaintiff had established "good cause" for expedited discovery to determine Defendant's identity and reflected the overwhelming view that Plaintiff is entitled to move forward

with its case.  *See* CM/ECF 6 ("Courts routinely find good cause to serve a third-party subpoena on an Internet Service Provider so that a plaintiff may discover the identity of a John Doe defendant that allegedly infringed on the plaintiff's copyright through activity on the Internet.")  And, while Judge Rosenbaum recognized the risk that a Defendant may not be the infringer, this risk did not undermine the plausibility of Plaintiff's Complaint.  Instead, Judge Rosenbaum entered procedural safeguards to allow a John Doe defendant to contest Plaintiff's allegations.  This represents the view of every other court in this Circuit and throughout the country.

   a.  *Your Honor Has Granted Search Warrants Based on Geolocation Technology*

Federal Law Enforcement rely on geolocation technology to identify perpetrators of online crimes.  *See United States v. Cray*, 450 F. App'x 923, 932 (11th Cir. 2012) *cert. denied*, 133 S. Ct. 265, 184 L. Ed. 2d 45 (U.S. 2012) (holding that allowing testimony on IP address geolocation databases into evidence was not an error).  Indeed, in some cases Federal Law Enforcement is cited as using Maxmind, the exact same database used by Plaintiff.  *See United States v. Tillotson*, 2:08-CR-33, 2008 WL 5140773 (E.D. Tenn. Dec. 2, 2008) (noting that Maxmind's database correctly identified the Defendant and is sufficient to establish probable cause); *United States v. Richardson*, 4:11CR3116, 2012 WL 10382 (D. Neb. Jan. 3, 2012) (used by Homeland Security to identify the defendant).

The Court's previous Malibu Media Ruling not only disallows any copyright holder from enforcing its rights against infringement on the Internet, but it also prevents the adjudication of any cause of action arising from illegal activity on the Internet where a defendant can only be identified by an IP address.  Numerous types of cases rely on the exact same technology as Plaintiff to determine the guilty defendant.  Indeed, your Honor sentenced an individual to prison for 151 months based on the very same technology.  *See United States v. Knapp*, 11-cr-20585-UU (S.D. Fla. June 26, 2013) Exhibit H.   By refusing to allow for a plaintiff to establish venue against a defendant known only by an IP address, when the defendant's ISP can clearly identify him, this Court is setting a dangerous precedent that is not warranted by any existing law.

   b.  *Other Court's Have Disagreed with Your Honor's Ruling*

Toward that end, other courts have specifically disagreed with your Honor's Malibu Media Ruling.  Just this week, the Eastern District of Pennsylvania, when considering a motion to quash which relied on your Honor's opinion, found "[t]he arguments that John Doe raises concerning the link between the actual infringer and the IP address or MAC address do not undermine the plausibility of Malibu Media's claim or defeat that claim as a matter of law -- rather, John Doe raises

6

factual issues about identity more properly dealt with during discovery." *Malibu Media v. John Doe*, 2:14-cv-01280-SD (E. D. Pa. May 19, 2014) (attached as Exhibit I).  The Court then found that Malibu Media had made a *prima facie* showing of venue by using geolocation technology.  "[A] defendant 'may be found' wherever he is amenable to personal jurisdiction,' and Malibu Media has made a prima facie showing of personal jurisdiction by alleging its geolocation software places the defendant within this district." *Id*. (internal citations omitted).

   c. *Every Other Court in the Country Has Found Geolocation Software Presents a Prima Facie Showing of Venue in BitTorrent Litigation*

   The Eastern District of Pennsylvania's ruling is consistent with Judge Rosenbaum's opinion in this case granting Plaintiff early discovery to learn the identity of the John Doe Defendant.  *See* CM/ECF 6.  Every court throughout the country to rule on this issue has found geolocation software appropriately locates the defendant to create a prima facie allegation of venue.  *See e.g. Malibu Media, LLC v. John Does 1-25*, 2:12-CV-266-FTM-29, 2012 WL 3940142 (M.D. Fla. Aug. 21, 2012) (Plaintiff sufficiently alleged personal jurisdiction by using geolocation software to trace defendants to a location in the Middle District of Florida); *see also Malibu Media v. John Doe*, 3:13-cv-01582 (M.D. Fla. April 10, 2014) ("In this seemingly next generation of Bit-Torrent litigation, Malibu Media has sought to allay those misgivings. It has not joined defendants. It has traced the IP addresses to places in the Jacksonville Division. Its allegations, based on experience and practical realities, make plausible that the subscribers are the infringers.")

   "In situations where a plaintiff files suit against then unnamed defendants, courts have accepted IP addresses as establishing a prima facie case of personal jurisdiction." *Canal St. Films v. Does 1-22*, 1:13-CV-0999, 2013 WL 1775063 (M.D. Pa. Apr. 25, 2013); *see also W. Coast Prods., Inc. v. Does, 1-1911*, CV 11-1687(ABJ), 2011 WL 11049265 (D.D.C. Oct. 25, 2011) ("plaintiff could demonstrate a good faith basis for its venue allegations if a geolocation service placed the IP address in question within the District of Columbia, or within a city located within 30 miles of the District of Columbia"); *Digital Sins, Inc. v. John Does 1-245*, 11 CIV. 8170 CM, 2012 WL 1744838 (S.D.N.Y. May 15, 2012) (geolocation is sufficient to allege personal jurisdiction and venue); *Digital Sin, Inc. v. Does 1-27*, 12 CIV. 3873 JMF, 2012 WL 2036035 (S.D.N.Y. June 6, 2012) (same); *John Wiley & Sons, Inc. v. Does Nos. 1-27*, 11 CIV. 7627 WHP, 2012 WL 364048 (S.D.N.Y. Feb. 3, 2012) (same); *Malibu Media, LLC v. John Does 1-15*, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012) (geolocation establishes *prima facie* case of personal jurisdiction); *Malibu Media, LLC v. John Does 1 through 11*, 2012 WL 2921227 (S.D. Cal. July 17, 2012) (finding use of geolocation proper for the court to establish personal jurisdiction and venue over the defendant).

7

This is also consistent with the recent D.C. Circuit Court of Appeals decision, released just this week, which found that a plaintiff must use geolocation services to establish venue in a copyright bittorrent lawsuit. *See AF Holdings, LLC v. Does 1-1058*, 12-7135, 2014 WL 2178839 (D.C. Cir. May 27, 2014). And, in light of this opinion, courts have continued to find that Malibu Media establishes good cause to proceed against an anonymous Defendant, like Judge Rosenbaum's prior opinion in this action. "[T]he Plaintiff has established a good faith basis for believing the putative defendant may be a District of Columbia resident. In Plaintiff's Complaint, Plaintiff alleges that it used 'proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ... traced to a physical address located within this District.'" *Malibu Media, LLC v. Doe*, CV 14-129 (CKK), 2014 WL 2206397 (D.D.C. May 28, 2014).

Here, the Court's previous Malibu Media Ruling stands alone against the overwhelming body of law concurring with Judge Rosenbaum that a plaintiff should be allowed to proceed against a defendant known only by an IP address. By denying Malibu its rights under law, without any supportive legal authority, the Court is setting a dangerous precedent for other injured parties. Congress enacted the Digital Theft Deterrence Act of 1999 to deter online infringement by increasing the penalties therefore. *See Sony v. Tennenbaum*, 660 F.3d 487, 497 (1st Cir. 2011) (citing the Congressional record and holding that non-commercial individuals commit infringement by distributing copyrighted works online). The Supreme Court held that the sharing of copyrighted works on-line is infringement; *see Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* 545 U.S. 913, 125 S.Ct. 2764 (2005); so too has the Ninth Circuit *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (2001). The Register of Copyrights testified before Congress that adult entertainment companies have the right to sue for peer-to-peer infringement and they should not apologize for doing so.[2]

The only way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose internet was used to commit the infringement. As Judge Rosenbaum aptly noted "[a] case against a single defendant cannot proceed if that defendant is unidentified."

---

[2] "Copyright owners have every right to enforce their rights in court, whether they are taking action against providers of peer-to-peer services designed to profit from copyright infringement or against the persons engaging in individual acts of infringement using such services …While copyright owners have expressed regret that they have felt compelled to take this step, they need offer no apologies." Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

CM/ECF 6 at *6.  And, in order to do so, a copyright holder must file a federal lawsuit and establish personal jurisdiction and venue by utilizing geolocation technology.  Without this ability, copyright owners would have a right without a remedy.  Any such state of affairs would violate Chief Justice Marshall's often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury." *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).  Chief Justice Marshall continued "[t]he government of the United States has been emphatically termed a government of laws, and not of men.  It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right." *Id.*  Our government and laws provide copyright owners with the ability to ascertain the identity of infringers through a Rule 45 subpoena when, as here, Plaintiff has used geolocation software.  And, your Honor's ruling would not just apply to Copyright holders, it would effectively prevent anyone who was injured by an anonymous defendant on the Internet from asserting his or her lawful rights.

       B.   <u>The Court May Rely on Plaintiff's Other Technologies to Identify the Defendant</u>

       IPP has taken extraordinary care to ensure that the IP address infringing Plaintiff's movies is correctly identified and recorded.   In the Bellwether trial Judge Baylson found "Malibu [] expended[s] considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants . . . [i]s valid." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025, at *2 (E.D. Pa. 2013).  Comcast will then correlate the IP address to the Defendant's billing information.  As Comcast has previously testified in trial, it is "absolutely certain" that it correctly identified the Defendant as being the owner of the IP address at the time of infringement. *See* Exhibit J.

       1.  *IPP's Technology Ensures that the Exact Date and Time of Infringement is Reported to Ensure Data is Accurate for Dynamic IP Addresses*

       A dynamic IP address is one that changes periodically, as opposed to a static IP address which remains constant.  At no time, however, are any two people assigned the same IP address.  Internet Service Providers, such as Comcast, record which individual is in possession of an IP address at a particular time.

       As set forth above and in the Patzer declaration, Exhibit C, IPP is extremely cautious to ensure that each infringement transaction is recorded at the *exact* moment it occurred. IPP's due diligence and care in recording and time stamping the transaction enables Plaintiff to provide the Defendant's ISP with the exact date and time of the infringement.  The ISP then looks up who was assigned that IP address at that exact time and informs Plaintiff.

*2. IPP Double Checks the IP Address is Correct Before Plaintiff Files Suit*

To ensure there are no errors between the time when IPP logs the IP address and Plaintiff files suit, after all pleadings are made, but before Mr. Fieser signs a declaration attesting to the Defendant's infringement, Mr. Fieser uploads the information back into IPP's system and waits for a match. *See* Fieser Declaration, Exhibit A.

*3. There is No Requirement that Defendant be Liable for Venue to be Proper; All That is Necessary is that the Defendant reside in this District or May Be Found In the District*

In the Court's show cause, the Court suggests that a defendant's Internet may be (a) "spoofed" or "hacked"; (b) a coffee shop; or (c) accessed through a VPN.  As Judge Seitz found, theories in which someone else was using Defendants internet "are speculative and unsupported by any record evidence. It is unclear whether the first is even possible." *Malibu Media, LLC v. Fitzpatrick*, 1:12-CV-22767, 2013 WL 5674711 (S.D. Fla. Oct. 17, 2013).

Whether or not this is the case, this does not remove the Court of proper venue over Defendant, the party defending Plaintiff's claims.  The Court has proper venue over this Defendant because admittedly by the Court's own ruling "Plaintiff has shown that the geolocation software can provide a location for an infringing IP address".  *See* Exhibit F.  That is all that is required when defendant owns the IP address and Plaintiff has alleged defendant is the infringer.   A defense or denial, including whether Defendant owns a coffee shop, was spoofed, or allowed another access through a VPN, does not moot that Plaintiff has properly asserted venue against Defendant.  The issue of venue is solely predicated on whether the Defendant resides or may be found in this district.  Here, Plaintiff has demonstrated with almost 100% certainty that Defendant resides or may be found in this district.

## IV.  THIS COURT SHOULD NOT DISMISS BECAUSE PLAINTIFF HAS ESTABLISHED THAT VENUE IS PROPER

1.  <u>Plaintiff Need Only Establish That Venue is Plausibly Proper</u>

The second question in the Court's Order to Show Cause is "Plaintiff shall show cause why this case should not be dismissed *sua sponte* for improper venue (Venue Question)".  "A civil suit to enforce the Copyright Act may be brought in any district 'in which the defendant or his agent resides or may be found.'"  *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (citing 28 U.S.C. §1400(a)).  "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."  *Id.  "*When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule

4(e) of the Federal Rules of Civil Procedure requires that both assertion of jurisdiction and service of process be determined by state amenability standards, or the state long-arm statute." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). "One of the events subjecting a party to jurisdiction under Florida long-arm statute is '[c]ommitting a tortious act within this state." *Response Reward Sys., L.C. v. Meijer, Inc.*, 189 F. Supp. 2d 1332, 1337 (M.D. Fla. 2002).

"When a complaint is dismissed on the basis of improper venue without an evidentiary hearing, 'the plaintiff must present only a prima facie showing of venue....' Further, '[t]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits.' When affidavits conflict, the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (internal citations omitted). "Essentially, the prima-facie standard, the determination of which may be made on the pleadings, boils down to one of 'plausibility'; to withstand a motion to transfer on the basis of plaintiff's venue of choice being improper, the plaintiff must show only that the venue chosen is plausibly proper." *Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*, 956 F. Supp. 2d 1323, 1327 (M.D. Ala. 2012) (emphasis added).

2.   Plaintiff Has Established A Prima Facie Showing That Venue Is Proper

Here, construing all the facts in the light most favorable to Plaintiff, and taking Plaintiff's well pled fact that the subscriber of the IP address 98.254.161.72 is the infringer, Plaintiff has set forth a prima facie showing of venue in the Southern District of Florida because Plaintiff's Maxmind geolocation technology which traced Defendant to a location in Miami, FL has always been 100% accurate when traced to the Southern District of Florida. The proof that the technology works is that it has always worked previously. "While such publicly available IP locators are not 100% accurate, they have been accepted as making out a *prima facie* case of personal jurisdiction." *Digital Sins, Inc. v. John Does 1-245*, 11 CIV. 8170 CM, 2012 WL 1744838 (S.D.N.Y. May 15, 2012). Here, it has always been 100% accurate.

It is almost certain that Comcast's response to Plaintiff's subpoena will supply an address for Defendant in the Southern District of Florida where he may properly be served with process, which is sufficient to establish venue. At this stage Plaintiff does not need to prove that Defendant is the infringer, nor defeat any speculative defenses Defendant may raise to foreclose on the possibility that

someone else may have committed the infringement.  It is plausible, indeed highly likely, that Defendant as the subscriber of the IP address in question, infringed Plaintiff's movies.

Further, under the Florida long arm statute, venue is proper in this District because the tortious conduct took place in this District.  Maxmind accurately traced the IP address that was used to infringe Plaintiff's movies to a location in this District.  The tortious conduct occurred in this District sufficient to establish personal jurisdiction and venue.  For the Court to find that venue is not plausibly proper because someone else could have used Defendant's IP address to commit the infringement, when Plaintiff pled that the subscriber is the infringer, and geolocation technology has always traced to this District, is reversible error.  It is clear error because all Plaintiff needs to show to establish venue is that the Defendant resides or may be found in this District.  *See* 28 U.S.C. §1400.  Defendant is the subscriber of the IP address infringing Plaintiff's movies, not a speculative third party person.  This is the case regardless of any defenses Defendant may assert.  Until Defendant is dismissed, the Court has proper venue because he resides or may be found in this District.

### 3.  Plaintiff Requests Oral Argument and An Evidentiary Hearing

In the event the Court is still not convinced that Plaintiff has properly established venue, Plaintiff respectfully requests the Court allow it to subpoena the ISP with the subpoena response being returnable to your Honor's chambers.  If the Defendant's address is insufficient to establish venue then Plaintiff's suit will be dismissed.  Alternatively, Plaintiff respectfully requests the Court conduct an evidentiary hearing and allow oral argument on this issue.

### V.    CONCLUSION

For the foregoing reasons, this Court should not dismiss the case for improper venue or personal jurisdiction.

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*

M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*